CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

OCT - 4 2004

LODGED_____ REC'D_____
PAID_____ DOCKETED___

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re: ) Bankruptcy Case No.
) 04-61370-fra7
WAYNE S. RIVERA, )
) MEMORANDUM OPINION
Debtor. )

The Court must balance, to the extent they compete, the requirements of federal bankruptcy law providing for an automatic stay of creditors' collection activities, and Oregon law governing the dissolution of marriages. The Court finds that, to the extent there is a conflict, the divorce proceedings should have precedence, and for that reason will order that the automatic stay be modified in this case to permit a dissolution case to proceed.

I. FACTS

The facts in this case are not complicated: on February 27, 2004, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, the Debtor's wife filed a petition in the Circuit Court for Marion County to dissolve the parties' marriage. According to the schedules filed in the bankruptcy, the parties have a residence, and three children. Each is said to be

PAGE 1 - MEMORANDUM OPINION

self-employed, with the wife's income somewhat higher than the Debtor's.

When the Court learned that the dissolution petition had been filed, it proposed, in open court, to enter an order modifying the stay. The Trustee objected. The court then entered an order to show cause why the proposed order should not be entered, and a hearing was held on August 26, 2004.

## II. APPLICABLE LAW

### A. <u>11 U.S.C. § 362</u>

Bankruptcy Code § 362 provides that a petition for relief operates as a stay of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> * * *
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

Section 362 (b) excludes from the automatic stay commencement or continuation of an action to establish paternity or to establish

PAGE 2 - MEMORANDUM OPINION

or modify an order for alimony, maintenance or support, or the collection of alimony, maintenance or support from property that is not property of the estate.

B. <u>Oregon Revised Statues Chapter 107</u>

Statutes governing the dissolution of marriages in Oregon are set out in Oregon Revised Statutes Ch. 107.  Dissolution proceedings are subject to the jurisdiction of the Circuit Court, which is Oregon's only trial level court.  The court is charged with dissolving the marriage, providing for the future care and custody of the parties' children, awards of child support and spousal support and, where appropriate, division of the parties' property.

Respecting property of the parties, ORS 107.105 provides, in pertinent part:

> (1) Whenever the court renders a judgment of marital annulment, dissolution, or separation, the court may provide in the judgment:
>
> \* \* \*
>
> (f) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances....The court shall consider the contribution of a spouse as a homemaker as a contribution to the acquisition of marital assets. There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held. *Subsequent to the filing of a petition for annulment or dissolution of marriage or separation, the rights of the parties in the marital assets shall be considered a species of coownership*, and a transfer of marital assets under a judgment of annulment or dissolution of marriage or of separation...shall be considered a partitioning of jointly owned property. [emphasis added]

PAGE 3 - MEMORANDUM OPINION

In order to make its determination, the Circuit Court must weigh a number of factors, and must consider the effect of each element of the dissolution in relation to others made in the decree of dissolution. For example, in assessing the need for spousal support, the court must consider other financial provisions of the judgment of dissolution: none can be considered in isolation. ORS 107.105(1)(d); Matter of the Marriage of Smith & Smith, 168 Or.App. 349, 354, 7 P.3d 559 (2000); Matter of the Marriage of Vanwinkle & Vanwinkle, 169 Or.App. 1030, 10 P.3d 306 (2000); Matter of the Marriage of Grove & Grove, 280 Or. 341, 571 P.2d 477 (1977). The placement of minor children may affect the distribution of property. Specifically, Oregon courts generally will award to the spouse awarded custody of minor children the parties' residence, subject to an appropriate co-tenancy or offsetting judgment. Marriage of Vanderzanden, 51 Or. App. 757, 627 P.2d 18 (1981).

### III. DISCUSSION

The Trustee maintains that the petition for dissolution violates the automatic stay, and is therefore void and of no effect. It is clear that the automatic stay does not prevent dissolution of a marriage, or provisions for custody or support of children. What is less clear is the effect of the dissolution petition on the parties' property, and whether the subsequent treatment of the Debtor's (and thus the estate's) interest in property as a "species of joint tenancy" is prohibited by the automatic stay.

The initiation of a dissolution of marriage proceeding under Oregon law does not, by itself, violate any of the provisions of

PAGE 4 - MEMORANDUM OPINION

Code § 362(a), with the possible exception of subsection (3). The divorcing partner is not, when seeking a distribution of property, enforcing a claim. A dissolution is not a proceeding by a creditor versus debtor, but a distribution of assets according to applicable law. ORS 107.105(f). It follows that the dissolution proceeding should not be deemed stayed as, for example, "an act to collect, assess or recover a claim against the debtor that arose before the commencement of the case...."

If the commencement of a dissolution case somehow alters the property rights of the debtor (and thus the estate) at the time the dissolution petition is filed, it might be said to be a violation of the stay to the extent it is "an act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." § 362(a)(3). However, ORS 107.105 does not actually alter any pre-existing rights; what it does is establish an analytical framework for implementing rights that existed from the outset of the marriage. By providing that "the rights of the parties in the marital assets shall be considered a species of coownership," the legislature is not mandating a change in the rights of the parties, but directing the Circuit Court to carry out the state's policy that marital assets be equitably divided. In other words, commencement of the dissolution proceeding does not modify the property rights of either party, or create new ones: it simply puts into play the right of a spouse to an equitable
// // //
// // //

PAGE 5 - MEMORANDUM OPINION

distribution in the event the marriage fails.[1]  This does not, by itself, violate § 362.

Of course, what does violate the automatic stay is entry of a judgment which actually purports to distribute property of the estate.  That being the case, simultaneous proceedings in bankruptcy and to dissolve the marriage of a debtor results in gridlock.  The Circuit Court is prohibited from distributing marital property, but is unable to make provision for support or custody without considering property division.  The trustee in bankruptcy cannot administer the property because it remains subject to the (undetermined) rights of the non-debtor spouse.

The Trustee believes that the divorce should be allowed to proceed without consideration of property distribution, which should be handled by the Bankruptcy Court.  This is problematical in many respects:

First, as indicated, the Circuit Court must take property distribution into account, and therefore necessarily would have to wait until the Bankruptcy Court effects a distribution of the marital property.  This in turn means that the Bankruptcy Court will have an undue influence on issues of custody and support.  Moreover, the Bankruptcy Court may be hard pressed to distribute the property if it is required by state law to consider the custody of children in determining the fate of a marital residence.

---

[1] A marriage may be dissolved in Oregon when "irreconcilable differences between the parties have caused the irremediable breakdown of the marriage."  ORS 107.025.

PAGE 6 - MEMORANDUM OPINION

Second, there is a well settled doctrine that federal courts should not involve themselves in domestic relations cases. <u>In re Halub</u>, 25 B.R. 617 (Bankr. C.D. Cal. 1982). The case law does not distinguish between various aspects of domestic relations law, and it must be presumed that federal courts have determined that they shall not participate in any aspect of it.

State courts, by contrast, have developed particular skills and rules allowing them to efficiently carry out their duties under Chapter 107. Note, in particular, provisions in the Oregon Uniform Trial Court Rules providing for documentation of the parties' property, in order for the Circuit Court at trial to make an efficient determination of how property should be distributed. UTCR Ch. 8.

The Trustee voiced a concern at oral argument that the Debtor and his wife might agree to a collusive marital settlement agreement or decree of dissolution, awarding all of the marital property to her to the detriment of the Debtor/husband's creditors. The Trustee presents no evidence of the parties' intention to do this. In any case, relief from the automatic stay can be fashioned to condition the parties' right to proceed in the dissolution on assuring the Trustee's right to protect the interests of creditors. There is no reason to believe that the Circuit Court would not give creditors whatever consideration the law requires, as would this court. The point is that the law governing such determinations is the same in either forum.

// // //

PAGE 7 - MEMORANDUM OPINION

Accordingly, the order the Court will enter requires that any proposed settlement be disclosed to the Trustee before it is submitted to the Circuit Court. It further provides that relief from the automatic stay, and the Circuit Court's authority to enter a judgment, is specifically conditioned on the Trustee's right to intervene in the dissolution proceeding to protect the interests of creditors.

The Trustee suggests that the Bankruptcy Court is the appropriate forum for determining property issues, because it is more convenient for creditors, and, perhaps, more likely to take the interests of creditors into account. However, the interests of the parties in property, and hence the interests of the estate, are governed by state law. This court is not aware of any federal doctrine which says that the interests of creditors take precedence over the interests of the debtor's family or dependents. When the marriage of a debtor in bankruptcy is to be dissolved, Oregon law requires that the debtor's and his spouse's property be equitably divided, and the Trustee takes subject to that law. It follows that, at least in the absence of proof that the petition for dissolution is a sham, the parties should be allowed to complete the dissolution of their marriage, including the distribution of marital property, before the Trustee proceeds to administer assets of the estate.

As for the legal rights of creditors to marital property, it may be said that the statutory command to divide property in a manner that is "just and proper in all the circumstances" requires

PAGE 8 - MEMORANDUM OPINION

justice to the parties' creditors as well as to the parties themselves. The court has found no Oregon cases discussing this point - all the more reason to defer the division of property to state courts to allow the law to develop in that forum.

IV. CONCLUSION

The rights of parties, and their creditors, in the assets of a failed marriage are determined by state law, which requires that the Circuit Court divide and distribute the property. This process requires consideration of all other elements of the dissolution process. This can only be done in a single proceeding. The only court empowered to do so is the Circuit Court. Accordingly, an order will be entered modifying the automatic stay to allow the dissolution case to proceed in the Circuit Court.

FRANK R. ALLEY, III
Bankruptcy Judge